1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AEDIN QUINN,

                Plaintiff,

    v.

KING COUNTY RISK
MANAGEMENT,

                Defendant.

CASE NO. 2:25-cv-01356-JNW

ORDER TO SHOW CAUSE

      Pro se Plaintiff Aedin Quinn pursues this action against Defendant King County Risk Management (the County) in forma pauperis (IFP). After reviewing the operative complaint, Dkt. No. 5, under 28 U.S.C. § 1915(e)(2)(B), the Court finds that Quinn fails to state a claim on which relief may be granted. Rather than dismissing his case outright, however, the Court grants Quinn leave to amend his complaint within 30 days of this Order to avoid dismissal.

      When a plaintiff proceeds in forma pauperis, the court must dismiss the action if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When reviewing

**ORDER TO SHOW CAUSE** - 1

complaints under § 1915(e)(2)(B), courts necessarily consider *only* the operative complaint. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (holding that an amended complaint supersedes the original and renders the original of no legal effect).

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). But even so, the duties imposed on the Court by § 1915(e) are unwavering, and when an IFP plaintiff fails to state a claim on which relief may be granted, the action must be dismissed. Likewise, the Federal Rules require a complaint to offer: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8.

Quinn alleges that he was employed as a bus driver for King County Metro and suffered a severe spinal injury while on the job in July 2017. Dkt. 5 at 3. He asserts that he applied for disability benefits with the state agency, and "[t]he agency denied benefits in an order dated July 7, 2023, without rebuttal of [his

ORDER TO SHOW CAUSE - 2

1   medical expert's] testimony." *Id.* Quinn asks the Court to "examine the

2   [administrative] record" to determine whether the state agency erred.

3       For his first cause of action, he asserts a violation of procedural due process,

4   alleging he was "denied a fair hearing when the burden of proof was silently shifted

5   to him without notice, depriving him of the opportunity to respond or present

6   rebuttal." *Id.* at 6. He explains that "during proceedings, [he] attempted to clarify

7   whether Defendants had reviewed [his proffered] medical reports[.]" Dkt. No. 5 at 4.

8   He alleges that the judge interrupted him, preventing his "clarification from

9   entering the record." *Id.* Quinn explains, "[t]his interruption deprived [him] of a

10  meaningful opportunity to be heard on a material issue and concealed the

11  structural due process error that followed: a judgment rendered without addressing

12  unrebutted expert evidence[.]" *Id.* He also asserts that his complaint raises

13  "structural due process violations stemming from the trial court's silent shifting of

14  the burden of proof and the absence of any rebuttal to Plaintiff's expert testimony."

15  *Id.* at 1.

16      His second claim is listed as "Unconstitutional Denial of Earned Benefits," for

17  which he alleges "[t]he denial of benefits violated Plaintiff's protected property

18  interest in earned disability compensation, constituting an unlawful taking under

19  color of state law without due process." *Id.*

20      The Court finds that the operative complaint, Dkt. No. 5, fails to state a claim

21  upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). "To show a

22  procedural due process violation, a plaintiff must prove two distinct elements: '(1) a

23  deprivation of a constitutionally protected liberty or property interest, and (2) a

**ORDER TO SHOW CAUSE** - 3

denial of adequate procedural protections." *United States v. 101 Houseco, LLC*, 22 F.4th 843, 851 (9th Cir. 2022) (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)).

Taken as true, Quinn's allegations show that the judge presiding over a hearing regarding disability benefits interrupted him, then issued a decision with which he disagrees. But Quinn fails to plausibly allege either element of a due process violation. First, he does not adequately plead that he had a protected property interest in the disability benefits he sought. Second, his allegations about being interrupted during a hearing do not plausibly suggest a denial of adequate procedural protections. When allegations are "in line with a wide swath of rational" and legal behavior, they do not plausibly allege violations of the law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, at 557 (2007) ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'").

Accordingly, the Court ORDERS:

- To avoid dismissal of this action, Quinn may file an amended complaint that states a claim on which relief may be granted WITHIN 21 DAYS of the date of this Order. Failure to do so by the deadline will result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B), without prejudice.

- If filed, the amended complaint will serve as a complete substitute for the current complaint. Thus, any amended complaint must not

incorporate the original complaint by reference, nor may it incorporate by reference any complaints from other litigation. Any amended complaint must clearly identify the claims and the facts that support each claim.

Dated this 25th day of August, 2025.

Jamal N. Whitehead
United States District Judge

ORDER TO SHOW CAUSE - 5