UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AEDIN QUINN, | CASE NO. 2:25-cv-01356-JNW |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY RISK MANAGEMENT, | |
| Defendant. | |

Plaintiff Aedin Quinn's motion to reopen his case and motion to expedite come before the Court. Dkt. Nos. 27 and 31. On August 25, 2025, the Court ordered Quinn to show cause why his complaint should not be dismissed without prejudice for failure to state a claim by no later than September 15, 2025. Dkt. No. 7 (reviewing complaint under 28 U.S.C. § 1915). Between August 25 and September 12, Quinn filed several motions and pleadings, but none showed cause as required. Accordingly, on September 12, the Court dismissed this case without prejudice for failure to show cause. Dkt. No. 22. Now, Quinn moves for relief from the Court's dismissal and asks the Court to reopen his case. For the reasons below, the Court DENIES the motion.

ORDER - 1

1  Quinn asks the Court to set aside its judgment under Federal Rules of Civil
2  Procedure 60(b)(3) and 60(b)(4). Under Rule 60(b)(3), the Court may relieve a party
3  from a final judgment or order for "fraud . . ., misrepresentation, or misconduct by
4  an opposing party." Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) "is aimed at judgments
5  which were unfairly obtained." *De Saracho v. Custom Food Mach. Inc.*, 206 F.3d
6  874, 880 (9th Cir. 2000) (quoting *In re M/V Peacock,* 809 F.2d 1403, 1405 (9th
7  Cir.1987)). "To prevail, the moving party must [first] prove by clear and convincing
8  evidence that the [decision] was obtained through fraud, misrepresentation, or
9  other misconduct . . . ." *Id.*

Quinn argues that Rule 60(b)(3) applies because Defendants suppressed evidence. But Defendants in this case have neither been served nor appeared. Moreover, the judgment stemmed from Quinn's failure to show cause, and Quinn hasn't shown that the allegedly suppressed documents were relevant to the Court's order to show cause. And even if they were relevant, Quinn fails to provide an adequate explanation as to why he could not respond to the Court's order to show cause—he received the documents on September 5, and his response was due on September 15. In sum, Quinn has not met his burden under Rule 60(b)(3).

Quinn also argues that the Court should set aside its prior ruling under Rule 60(b)(4), which allows the Court to provide relief from a final judgment or order that is void. Fed. R. Civ. P. 60(b)(4). Under Rule 60(b)(4), a final judgment is void "only if the court that considered it lacked jurisdiction . . . or acted in a manner inconsistent with due process." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). Quinn does not argue that this Court's judgment is void. Rather, he argues that the

ORDER - 2

underlying state court judgment relevant to his claims is void. Thus, Rule 60(b)(4) does not provide a basis to set aside this Court's judgment.

Given its duty to construe pro se pleadings liberally, the Court also construes Quinn's motion as a motion for relief under Rule 60(b)(6). *Cf. Bennett v. Bennett*, Case No. C24-0272-JLR, 2024 WL 3316438, at *2 (W.D. Wash. July 5, 2024) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.1 (2005)) (finding the substance of the petitioner's motion made it clear that he requested relief under Rule 60(b)(6)). Rule 60(b)(6) allows the district court to relieve a party from final judgment for any justifiable reason. Fed. R. Civ. P. 60(b)(6). But the party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" that "justify the reopening of a final judgment." *Bennett*, 2024 WL 3316438, at *2 (quoting *Gonzalez*, 545 U.S. at 535 (internal quotes omitted)). After reviewing the briefing and the record, the Court finds no "extraordinary circumstances" that warrant the reopening of this case.

Accordingly, the Court DENIES Plaintiff's motion to reopen his case, Dkt. No. 27, and DENIES AS MOOT Plaintiff's motion to expedite, Dkt. No. 31. The Clerk of the Court has directed Plaintiff to file a redacted version of his motion at Dkt. No. 27. The Court reiterates that Plaintiff still must comply with the Clerk's direction.

Dated this 25th day of September, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3