UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AEDIN QUINN, | CASE NO. 2:25-cv-01356-JNW |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY RISK MANAGEMENT, | |
| Defendant. | |

On September 25, 2025, the Court denied Plaintiff Aedin Quinn's motion to reopen his case and motion to expedite. Dkt. Nos. 27 and 31. Quinn filed two subsequent motions to reopen his case, Dkt. Nos. 33 and 36, as well as several miscellaneous motions, Dkt Nos. 37–40. The Court addresses the motions in turn.

First, Quinn asks the Court to set aside its judgment under Federal Rules of Civil Procedure 60(b)(3) and 60(b)(4). Dkt. No. 33. Under Rule 60(b)(3), the Court may relieve a party from a final judgment or order for "fraud . . ., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained." *De Saracho v. Custom Food Mach. Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (quoting *In re M/V*

ORDER - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

*Peacock,* 809 F.2d 1403, 1405 (9th Cir.1987)). "To prevail, the moving party must [first] prove by clear and convincing evidence that the [decision] was obtained through fraud, misrepresentation, or other misconduct . . . ." *Id.*

Quinn's motion to reopen at Dkt. No. 33 challenges decisions made in his underlying state-court case. He has not shown that any decision in this case was "obtained through fraud, misrepresentation, or other misconduct[.]" *De Saracho*, 206 F.3d at 880. Nor does he argue that this Court lacks jurisdiction to enter judgment. *See generally* Dkt. No. 33. Accordingly, Quinn fails to show that relief under either Rule 60(b)(3) or 60(b)(4) is warranted.

Given its duty to construe pro se pleadings liberally, the Court also construes Quinn's motion as a motion for relief under Rule 60(b)(6). *Cf. Bennett v. Bennett*, Case No. C24-0272-JLR, 2024 WL 3316438, at *2 (W.D. Wash. July 5, 2024) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.1 (2005)) (finding the substance of the petitioner's motion made it clear that he requested relief under Rule 60(b)(6)). Rule 60(b)(6) allows the district court to relieve a party from final judgment for any justifiable reason. Fed. R. Civ. P. 60(b)(6). But the party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" that "justify the reopening of a final judgment." *Bennett*, 2024 WL 3316438, at *2 (quoting *Gonzalez*, 545 U.S. at 535 (internal quotes omitted)). After reviewing the briefing and the record, the Court finds no "extraordinary circumstances" that warrant the reopening of this case.

Second, having reviewed Quinn's motion to reopen at Dkt. No. 36, the Court finds that it is not a motion but rather unauthorized supplemental briefing,

ORDER - 2

captioned "Plaintiff's reply in support of motion for relief from judgment (frcp 60(b)(4))." *Id.* at 1. Accordingly, the Court STRIKES the brief.

Third, the filing at Dkt. No. 37, construed liberally, is another motion to reopen under Rule 60(b)(4). The Court DENIES the motion for the reasons above and given in its prior order. *See* Dkt. No. 35.

Quinn's fourth motion is a "motion to void judgment for statutory abandonment." Dkt. No. 38. Again, Quinn asks the Court to void a state-court judgment absent a legal basis to do so. Accordingly, the Court DENIES the motion.

While filed as a motion, the document at Dkt. No. 39 is an unauthorized filing titled "Addendum: Statutory Abandonment As Jurisdictional Defect." *Id.* at 3. Quinn asserts that he submits the document "to clarify the jurisdictional defect at the foundation of these proceedings," apparently filing the document both on this Court's docket and in his Washington case. *Id.* The Court STRIKES this unauthorized filing as well.

Quinn's sixth and final motion states, "Petitioner respectfully moves for leave to file the attached Motion to Expeditiously Introduce Exhibit 5K Into Evidence and Compel Production of the Completed Job Analysis." Dkt. No. 40 at 1. He states that the filing is "short, non-duplicative, and necessary to give effect to the court's resolution of the jurisdictional defect raised in Petitioner's prior motions." *Id.* On review, the filing does not provide any legal or factual basis to reopen this case. Accordingly, the Court DENIES the motion. Dkt. No. 40.

In sum, the Court DENIES the motions at Dkt. Nos. 33, 37, 38, and 40, and the Court STRIKES the filings at Dkt. Nos. 36 and 39. The Court ORDERS Quinn

ORDER - 3

to file a redacted version of his motion at Dkt. No. 27, consistent with the Clerk of the Court's direction. Apart from that redacted filing and any documents related to appeal, the Court DIRECTS Quinn to stop filing in this closed case.

If Quinn continues to file frivolous and nonresponsive filings, the Court may restrict his ability to file requests for relief on this docket. *See De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.").

Dated this 7th day of October, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 4