UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AEDIN QUINN, | CASE NO. 2:25-cv-01356-JNW |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY RISK MANAGEMENT, | |
| Defendant. | |

Plaintiff Aedin Quinn has filed 19 motions and "notices" since the Court dismissed and closed his case on September 12, 2025. Dkt. Nos. 24–25, 27–34, 36–42, 45. These include several meritless motions to reopen his case, which the Court denied. On October 14, 2025, the Court struck one of Quinn's frivolous motions and warned that if Quinn continued to file meritless, unauthorized motions and "notices," "the Court w[ould] impose filing restrictions in this closed case." Dkt. No. 46. Quinn has since filed two baseless motions. Dkt. Nos. 47; 48. Moreover, the Court has repeatedly ordered Quinn to submit a redacted version of his motion at Dkt. No. 27—consistent with the Clerk of the Court's direction—but Quinn has failed to comply with the Court's order. *See, e.g.,* Dkt. No. 43.

**ORDER** - 1

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). To that end, district courts have inherent power to enter pre-filing orders against vexatious litigants with abusive litigation histories. 28 U.S.C. § 1651(a); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Such an order should be entered only when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is "an adequate record for review," (3) the court has made "substantive findings as to the frivolous or harassing nature of the litigant's actions," and (4) the vexatious litigant order is narrowly tailored to the litigant's wrongful behavior. *DeLong*, 912 F.2d at 1147–48.

Here, the Court notified Quinn that it would impose filing restrictions if he continued to file meritless motions in this closed case. Dkt. Nos. 45, 83. Quinn subsequently filed a baseless motion, thus reflecting his complete indifference to the Court's admonitions. Second, there is an adequate record to demonstrate Quinn's frivolous conduct, and his rampant disregard for the Court's previous orders. Finally, given Quinn's repeated abuses, the Court finds it necessary to enter an order limiting his ability to make frivolous filings in this closed case.

Accordingly, the Court ORDERS Quinn to SHOW CAUSE by November 10, 2025, why the Court should not find that he is a vexatious litigant and impose filing restrictions against him in this closed case. *DeLong*, 912 F.2d at 1147–48. Failure to show cause on or before the deadline will result in a vexatious litigant finding and filing restrictions. The motions at Dkt. Nos. 47 and 48 are DENIED.

Dated this 28th day of October, 2025.

                                                   Jamal N. Whitehead
                                                   United States District Judge

**ORDER** - 3